# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| H-D Michigan, LLC & Harley-Davidson, Motor Company Group, LLC d/b/a/ Harley-Davidson Motor Company, | ) ) ) ) |
| Plaintiff, | ) Docket no. 2:09-cv-378-GZS ) |
| v. | ) ) |
| Pat Hannon d/b/a Big Daddy's Barbeque, | ) ) |
| Defendant. | ) ) |

## ORDER ON PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEY'S FEES

Before the Court is Plaintiff's Application for Award of Attorney's Fees and Litigation Expenses (Docket # 15). The Motion was filed following the docketing of the Amended Judgment (Docket # 13), which allowed for Plaintiffs to be awarded attorney's fees pursuant to 15 U.S.C. § 1117(a). By its terms, this statute requires the Court to find the case to be "exceptional" in order to justify an award of "reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Under First Circuit precedent, such a finding can be made only if the "totality of the circumstances" shows that "the infringer's actions were "malicious, fraudulent, deliberate or willful.'" Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 64 (1st Cir. 2008) (*quoting* Tamko Roofing Prods. v. Ideal Roofing Co., 282 F.3d 23, 30 (1st Cir. 2002)). The pending application provides no basis to make such a finding. If counsel believes the totality of the circumstances makes this action a qualifying exceptional case, they are free to re-file their application with supporting facts and precedent. However, given the absence of such a record to support the pending motion, the Court DENIES WITHOUT PREJUDICE Plaintiff's Application (Docket # 15).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of January, 2010.