UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| H-D MICHIGAN, LLC, et al.,           )<br>                                                    )<br>        Plaintiffs                            )<br>                                                    )<br>v.                                                )<br>                                                    )<br>PAT HANNON, d/b/a BIG DADDY'S   )<br>BARBEQUE,                                 )<br>                                                    )<br>        Defendant                          )   | Civil No. 09-378-P-S |

RECOMMENDED DECISION ON SUPPLEMENTAL APPLICATION[1] FOR AWARD OF ATTORNEY FEES

The plaintiffs, H-D Michigan, LLC, and Harley-Davidson Motor Company Group, LLC, d/b/a Harley-Davidson Motor Company, have applied for an award of attorney fees and litigation expenses against the defaulted defendant in this action, pursuant to 15 U.S.C. § 1117(a). They also seek reimbursement of certain litigation costs, a request that will be directed to the clerk of this court. The plaintiffs seek a total of $37,631.82 in attorney fees. Plaintiffs' Supplemental Application for Award of Attorney's Fees and Litigation Expenses ("Supplemental Application") (Docket No. 17) at 5. I recommend that the court award the attorney fees requested, but in a slightly reduced amount.

The statute applicable to this request provides, in pertinent part: "When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have

---

[1] The plaintiffs first filed an application for an award of attorney fees and costs on November 18, 2009 (Docket No. 15), which the court denied in an order dated January 25, 2010, because the application provided no basis for a finding, required under the applicable statute, 15 U.S.C. § 1117(a), that the defendant infringer's actions were malicious, fraudulent, deliberate, or willful. Order on Plaintiffs' Application for Award of Attorney's Fees (Docket No. 16). The order noted that the plaintiffs were free to re-file the application "with supporting facts and precedent." *Id*. The plaintiffs chose instead to file a "supplemental" application. Docket No. 17.

1

been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . to recover . . . the costs of the action. . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional" case is one in which the court finds the infringer's actions were malicious, fraudulent, deliberate, or willful. *Venture Tape Corp. v. McGills Glass Warehouse*, 540 F.3d 56, 64 (1st Cir. 2008). A finding of fraud or bad faith is not necessary. *Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 32 (1st Cir. 2002).

The First Circuit has suggested that pleading acts of infringement that would rise to the level of an exceptional case and seeking attorney fees in the complaint might suffice to establish the existence of an exceptional case. *Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 821 (1st Cir. 1987). Because there was no trial in this case, the defendant having been defaulted, the court can only look to the complaint to determine whether the case is exceptional, if the plaintiff offers no other evidence on the question. Here, the complaint alleges willfulness, on the part of the defendant in paragraphs 35, 39, 43, 47, 51, 55, and 59 and bad faith in paragraph 27. Complaint for Trademark Infringement, Trademark Dilution, and Unfair Competition (Docket No. 1) ¶¶ 27, 35, 39, 43, 47, 51, 55, & 59. The complaint seeks an award of attorney fees. *Id*. at 14.

This court has found, *Women to Women, Inc. v. Woman to Woman Co.*, No. Civ 02-52-P-H, 2003 WL 1741110 (D. Me. Apr. 1, 2003), at *4, and other federal courts have also found, exceptional cases to justify attorney fee awards under circumstances similar to this, where a defendant has been defaulted and the complaint alleges willful infringement. *E.g., Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 702 (9th Cir. 2008); *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.*, No. 09 Civ 5517(RMB)(AJP), 2009 WL

4351962 (S.D.N.Y., Dec. 1, 2009), at *5; *Strippit, Inc. v. Coffee*, No. 09-CV-509A, 2009 WL 3644247 (W.D.N.Y. Oct. 27, 2009), at *5; *Piquante Brands Int'l, Ltd. v. Chloe Foods Corp.*, Civil Action No. 3:08-cv-4248 (FLW), 2009 WL 1687484 (D.N.J. June 16, 2009), at *6. Accordingly, an award of attorney fees should be allowed in this case.

The original fee request in this case is supported by affidavits of the five attorneys who billed time for the plaintiffs in this case. Affidavit of Adam S. Taylor, Esq. ("Taylor Aff.") (Attachment 1 to Docket No. 15); Affidavit of Kathryn K. Rowen, Esq. (Attachment 2 to Docket No. 15); Affidavit of Jonathan M. Gelchinsky, Esq. (Attachment 4 to Docket No. 15); Affidavit of David M. Kelly, Esq. ("Kelly Aff.") (Attachment 5 to Docket No. 15); Affidavit of Michael R. Justus, Esq. ("Justus Aff.") (Attachment 6 to Docket No. 15). Each affidavit provides minimally sufficient information about each attorney's experience and billed hourly rate. *See, e.g., Protection One Alarm Monitoring, Inc. v. Executive Protection One Security Serv.*, 553 F.Supp.2d 201, 209 (E.D.N.Y. 2008).

While two local counsel, Mr. Taylor and Ms. Rowen, were engaged in this matter, the 29.2 hours of time charged by them for services provided between July 30, 2009, and October 26, 2009, does not seem excessive. Therefore, I make no deduction for their time.

Three litigation attorneys, one in Boston and two in Washington, D.C., handled this trademark infringement action. According to the affidavit of Washington, D.C. counsel David M. Kelly, Esq., the hourly charge of $142.50 for paralegal services "reflect[s] the prevailing market rates in the Boston, Massachusetts and Washington, D[.]C[.] areas for similar services by litigation paralegals of reasonably comparable skill, experience and reputation[,]" Kelly Aff. ¶ 6. Attorney Taylor's affidavit establishes that the "prevailing market rate in Portland, Maine,"

where this court is located, "for similar services by paralegals" having over 20 years of experience, is $100 per hour. Taylor Aff. ¶ 7.

It is the prevailing hourly rate in the district in which the action is brought that governs reimbursement for the work of paralegals. *See, e.g.*, *Chieftain Int'l (U.S.) v. Denny Offshore Exploration, Inc.,* Civil Action No. 03-1346, 2008 WL 977356 (E.D.La. Jan. 25, 2008), at *4; *World Triathalon Corp. v. Dunbar*, 539 F.Supp.2d 1270, 1284 (D. Haw. 2008) (trademark infringement case). Although Attorney Kelly does not identify the initials of the paralegals whose time was included in the bill, I have assumed, by process of elimination, that they are "ALS" and "LKJ." The total hours billed by these two individuals were 4.4. Exhibit B, attached to Justus Aff. I will therefore deduct $187.00 ($42.50 x 4.4) from the bill.

The remaining requests are sufficiently supported by the lawyers' unopposed affidavits.

Accordingly, I recommend that attorney fees in the amount of $37,444.82 ($37,631.82 minus $187.00) be awarded to the plaintiffs and against the defendant.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of March, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge